10-1185-cr
United States v. Cremin (Smith)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

Present:
           JON O. NEWMAN,
           PETER W. HALL,
                      *Circuit Judges*,
           JANE A. RESTANI,[*]
                      *Judge*.

_____

UNITED STATES OF AMERICA,

           *Appellee*,

           v.                                          No. 10-1185-cr

MILTON SMITH,

           *Defendant-Appellant*,

NEIL CREMIN, GEORGE ORTIZ, IRA SOKOL,

           *Defendants.*

_____

---

[*] Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

For Defendant-Appellant:     CARRIE A. TENDLER, MICHAEL S. KIM, Kobre & Kim LLP, New York, New York.

For Appellee:                PREET BHARARA, United States Attorney for the Southern District of New York (Elie Honig, Jesse M. Furman, Assistant United States Attorneys, Of Counsel, *on the brief*) New York, New York.

_____

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Milton Smith appeals from a March 23, 2010 judgment of conviction entered in the United States District Court for the Southern District of New York (Jones, *J.*). Following a jury trial, Smith was convicted of four counts: conspiring to commit and committing extortion under color of official right, in violation of 18 U.S.C. § 1951, and conspiring to commit and committing bribery in connection with his employment at the New York City Department of Education ("DOE"), in violation of 18 U.S.C. §§ 666 and 371. Smith was sentenced to a term of 15 months' incarceration. On appeal, Smith argues that his conviction was not supported by sufficient evidence and that the evidence presented by the government at trial constructively amended the indictment which violated the Grand Jury Clause of the Fifth Amendment. We assume the parties' familiarity with the facts and procedural history of the case.

Smith bases both arguments on the language of Paragraph 7 of the indictment which reads: "At all times relevant to this Indictment, MILTON SMITH, the defendant, was an OPT [Office of Pupil Transportation] employee in the special education section. SMITH was an

2

inspector responsible for conducting certain OPT operations in Brooklyn."

Smith asserts that the government presented insufficient evidence at trial to support his conviction because the government's evidence concerned his conduct at the time he was head of the field trips unit of the OPT and not when he was an inspector in the OPT special education section. We review *de novo* challenges to the sufficiency of the evidence. *United States v. Rangolan*, 464 F.3d 321, 324 (2d Cir. 2006). To succeed on this claim, Smith must satisfy a "heavy burden," *United States v. Santos*, 449 F.3d 93, 102 (2d Cir. 2006), as we consider "only whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt," *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004) (internal quotation marks omitted). We analyze the evidence in the light most favorable to the prosecution, crediting "every inference that the jury may have drawn" in the government's favor. *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). Thus, we will uphold a conviction so long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Rodriguez*, 392 F.3d at 544 (emphasis and internal quotation marks omitted).

Each of the four counts in the indictment alleged generally that Smith committed the charged crime as an "employee[] of DOE," in his "official position[] with DOE," or as an agent of DOE. The government acknowledges that it was essential for the indictment to charge and for the government to prove that Smith was a public official at the time he engaged in extortion and bribery. *See* 18 U.S.C. §§ 666 (bribery) and 1951 (extortion). It is clear from the record that the government proved at all relevant times that Smith was an employee of the DOE.

Although Paragraph 7 of the indictment states that Smith, "at all times relevant to this Indictment," was an inspector in the special education section of the OPT, this language

3

constitutes mere surplusage in relation to the offenses charged. *See United States v. Richards*, 302 F.3d 58, 67 n.6 (2d Cir. 2002) ("[T]he government need not prove allegations of an indictment that are 'surplusage' to the essential elements of the offense charged."). Examining the indictment as a whole, *United States v. Ansaldi*, 372 F.3d 118, 127 (2d Cir. 2004), it is clear that the charges cast the element of Smith's status as a public official in general terms—i.e. that Smith was an "employee[] of DOE," was acting in his "official position[] with DOE," or as an agent of DOE. Accordingly, because it is uncontested that the government's evidence at trial proved that Smith was a public official, it is clear that the record evidence reasonably supported the jury's finding of guilt beyond a reasonable doubt. That Smith's actual title and position within the DOE at the time he engaged in criminal activity is different from the one the grand jury alleged him to occupy does not alter his status in relation to the public official element that was required to be charged and proven.

Smith next argues that the indictment was constructively amended because in Paragraph 7 of the indictment the government chose to charge that Smith was an inspector in the special education section of the OPT and the government was thus bound to prove the public official element of the crimes charged on this specific basis. Smith contends the government broadened the possible bases for his conviction from that which appeared in the indictment by introducing evidence regarding what he asserts was uncharged conduct that occurred when he was head of the field trips unit. We review *de novo* a ruling on a constructive amendment challenge, "which is a per se violation of the Grand Jury Clause of the Fifth Amendment." *United States v. Rigas*, 490 F.3d 208, 225-26 (2d Cir. 2007).

"The issue in determining whether an indictment has been constructively amended . . . is

4

whether the deviation between the facts alleged in the indictment and the proof adduced at trial undercuts the[] constitutional requirements [for an indictment]." *Id*. at 228. The requirements are "first, that [the indictment] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* (internal quotation marks omitted). "If the indictment notifies the defendant of the core of criminality . . . and the government's proof at trial does not modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury . . . then he has sufficient notice of the charge against which he must defend." *Id.* (citations and internal quotation marks omitted). "[P]roof at trial need not, indeed cannot, be a precise replica of the charges contained in an indictment." *Id.* (internal quotation marks omitted).

Consequently, for Smith to prevail on his constructive amendment claim, he "must demonstrate that . . . the proof at trial . . . so altered an essential element of the charge that, upon review, it is uncertain whether [he] was convicted of conduct that was the subject of the grand jury's indictment. . . . Where charges are constructively narrowed or where a generally framed indictment encompasses the specific legal theory or evidence used at trial, there is no constructive amendment." *United States v. Salmonese*, 352 F.3d 608, 620-21 (2d Cir. 2003) (citations and internal quotation marks omitted).

We conclude that the generally framed indictment in this case clearly encompasses the specific legal theory used at trial and thus no constructive amendment exists. The deviation between Paragraph 7 in the indictment and the government's proof of the public official element

at trial does not undercut the constitutional requirements of an indictment. *Cf. United States v. Hassan*, 578 F.3d 108, 133-34 (2d Cir. 2008) (holding that a constructive amendment occurred when jury was permitted to convict defendant of either conspiring to traffic a schedule I or schedule IV controlled substance but only a schedule I controlled substance was specifically charged in the indictment).

For the reasons stated, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK